IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KAIVEN WESLEY, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:25-CV-85-RWS-JBB |
| LT. FLORES, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

Plaintiff Kaiven Wesley, proceeding *pro se*, filed the above-captioned action complaining of alleged violations of his civil rights. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Plaintiff asserts he was delayed or denied medical care while at the Bradshaw Unit of the Texas Department of Criminal Justice ("TDCJ"), resulting in him being hospitalized for 12 days. Docket No. 1 at 3, 5. He also claims that he was later transferred from the Bradshaw Unit to the Luther Unit, where he tried to file grievances about the incident but was repeatedly blocked from doing so. *Id.* at 4. He sued an officer named Lt. Flores and an unnamed medical provider, who both work at the Bradshaw Unit. *Id.* at 3. In addition, he sued Warden Booker, a law library officer named Adair, an unnamed grievance officer, and two grievance officers named Lovelady and K. Rosario, who all work at the Luther Unit. *Id.* at 3–4.

After review of the pleadings, the Magistrate Judge issued a Report and Recommendation, recommending that the claims concerning the improper processing of Plaintiff's grievances be dismissed because Plaintiff lacked a constitutionally protected liberty interest in the processing of his grievances. Docket No. 4 at 3–5. The Magistrate Judge also recommended that Plaintiff's claims concerning his medical care at the Bradshaw Unit be transferred to the Tyler Division of

the Eastern District of Texas—the division in which the incident giving rise to those claims occurred. *Id.*

In his objections, Plaintiff repeats the facts concerning the alleged improper handling of his grievances and asserts that the officials violated TDCJ policy by failing to process his grievances correctly. Docket No. 8. According to Plaintiff, when he was transferred to the Luther Unit, he was unable to file his Step Two grievance appeals and now he is time-barred from doing so because the defendants violated TDCJ policy. *Id.* at 3.

The Magistrate Judge correctly determined that Plaintiff lacks a constitutionally "protected liberty interest in the processing of his prison grievances." *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (citing *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005)). While Plaintiff argues that Defendants violated TDCJ rules and regulations, the Fifth Circuit has explained that violations of prison rules and regulations do not by themselves amount to constitutional violations. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)); *Rickerson v. Rust*, No. 20-40208, 2021 WL 5871885, at *1 (5th Cir. 2021). Plaintiff has offered nothing to controvert the Magistrate Judge's Report and Recommendation, and his objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct and that Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 4)

is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that Plaintiff's claims concerning the processing of his grievances are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. It is further

**ORDERED** that all of the Defendants—except for Lt. Flores and the unknown medical provider at the Bradshaw Unit—are **DISMISSED** as parties to this case. It is further

**ORDERED** that Plaintiff's remaining claims in this lawsuit are **TRANSFERRED** to the Tyler Division of the Eastern District of Texas for such other and further proceedings as that court may deem appropriate.

**So ORDERED and SIGNED this 20th day of October, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE